**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUSTO ENRIQUE GOMEZ
HERNANDEZ; GABRIELA GOMEZ
HERNANDEZ,

　　　　　Petitioners,

　v.

ERIC H. HOLDER Jr., Attorney General,

　　　　　Respondent.

No. 06-74452

Agency Nos. A095-193-855
　　　　　　　A095-193-856

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010 [**]

Before: 　FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

　　Justo Enrique Gomez Hernandez and Gabriela Gomez Hernandez, husband

and wife and natives and citizens of Mexico, petition for review of the Board of

---

　　[*] 　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**] 　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

AP/Research

Immigration Appeals' ("BIA") order denying their motion to reconsider based on ineffective assistance of counsel, which it also construed as a motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or reconsider and review de novo claims of due process violations due to ineffective assistance of counsel, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Construed as a motion for reconsideration, the BIA did not abuse its discretion in denying the motion because it failed to identify any error of law or fact in the BIA's May 16, 2006, decision. *See* 8 C.F.R. § 1003.2(b)(1).

Construed as a motion to reopen, the BIA did not abuse its discretion in denying the motion because petitioners failed to establish prejudice. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (to prevail on an ineffective assistance of counsel claim, petitioner must demonstrate prejudice).

**PETITION FOR REVIEW DENIED.**